## Heard v. Cherry.

### (Decided October 24, 1911.)

## Appeal from Warren Circuit Court.

Attorneys—Withdrawing   Transcript—Responsibility.—An    attorney
    who withdraws a transcript from the clerk of this court is respon-
    sible for its return although he entrusts it to another attorney
    and this attorney loses it.

J. T. BEAUCHAMP for appellant.

WRIGHT & McELROY for appellee.

Opinion by. Chief Justice Hobson—Sustaining motion.

Some years ago there were two cases on the docket of this court appealed from the Warren Circuit Court of W. T. Shields v. John B. Heard and J. H. Higginbotham v. John B. Heard, which were tried together. The judgment of the circuit court was affirmed. After the judgments were affirmed, Wright and McElroy, attorneys at law residing at Bowling Green, withdrew the transcript from the clerk of this court, giving a receipt therefor, and have not returned a part of it. There is a suit now on the docket of John B. Heard v. John Allen Cherry, and the appellant desires to place with the record of that case the old transcript. He has entered a motion for a rule against Wright and McElroy to return the part of the transcript which they failed to return. They have filed a response in which they say that they obtained the transcript to use in a suit which was then pending in the Warren Circuit Court; that W. L. Dulaney was associated with them in the defense of the suit, and that he obtained from them a part of the transcript; that he died in 1904 and they do not know what became of that part of the transcript which he had. They also state that the original papers of the old cases are now on file in the office of the Warren Circuit Court, and that they returned all the transcript, except the part which they delivered to Dulaney.

It has been an immemorial practice in this court to allow attorneys to withdraw from the clerk of this court the transcripts filed here. The practice has been of great service in the administration of justice, and no doubt owes its origin to this fact. It rests, however, upon the high regard in which attorneys practicing in this court are held. The attorneys are entrusted with the record because they are relied on to take care of it and to return it. Considering the reasons for the practice and

the evils otherwise growing out of it, we are of opinion that an attorney who withdraws a transcript from the clerk of this court must return it, or, if it is lost while in his custody, he must replace it. The attorney who withdraws the record cannot shield himself against this duty by showing that he entrusted the record to another attorney and that this attorney lost it. The attorney who withdraws the record is responsible for its return, and any one to whom he entrusts it holds it as his agent. On the facts shown, we have no doubt of the entire good faith of the attorneys and that they are not personally to blame for the loss of the record, but we think that considerations of public policy inevitably require the rule we have announced. A rule will be awarded against Wright and McElroy to return the original transcript or a new transcript of the missing part of the old transcript within thirty days, or then show cause why they shall not be required to do so.

Motion sustained.